

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2006

# USA v. Perry

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1033

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Perry" (2006). *2006 Decisions*. Paper 1439.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1439

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1033

UNITED STATES OF AMERICA,

v.

RONNIE MALIK PERRY,

*Appellant*

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00321)
District Judge: Honorable Sylvia H. Rambo

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2006
Before: AMBRO, and BECKER, *Circuit Judges* and STAGG, *District Judge\**

(Filed: March 14, 2006 )

OPINION

BECKER, *Circuit Judge*.

---

*The Honorable Tom Stagg, United States District Judge for the Western District
of Louisiana, sitting by designation.

Pursuant to a plea agreement, appellant Ronnie Malik Perry entered a plea of guilty to felony charges involving the distribution of narcotics. He was sentenced to 81 months imprisonment. The question presented for review is whether it was plain error in light of no objection for the court not to adjust the appellant's offense level downward for acceptance of responsibility.

Defense counsel gives a plausible interpretation of why he did not press the acceptance responsibility issues. The government's response is conciliatory:

> By letter dated November 18, 2004, the court advised the parties that the Appellant would only be held responsible for 21 ounces of cocaine as opposed to the fifteen but less than fifty kilograms of cocaine found by the Probation Department. (A-065). This resulted in a guideline imprisonment range of 70-87 months as opposed to 240 months; in other words, more than a 60% reduction in his possible imprisonment range based upon the district court's conclusion that Blakely should apply to the United States Sentencing Guidelines. Indeed, as Appellant's counsel noted at sentencing, the Appellant was "the beneficiary of an enormous break just be [sic] a felicitous convergence of circumstances." (A-068). Counsel went on then to explain why he believed the court should depart from the applicable guideline range based upon the United States' Motion for Departure under U.S.S.G. § 5K1.1 (A-068-069). It is presumably in light of this windfall that Appellant made no objection at sentencing to the Pre-sentence Investigation Report's conclusion that he was not entitled to acceptance of responsibility.

This might well in and of itself be grounds for remand. However, at all events, there is a *Booker* problem. See the companion cases of *USA v. Kemp,* No. 05-1224 (3d Cir. Submitted March 9, 2006)(non precedential), and *USA v. Abbott,* No. 05-1140 (3d

2

Cir. Submitted March 9, 2006) (non precedential).     In *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en) (banc), an opinion relating to the denial of a government petition for rehearing en banc consideration of a *Booker* claim on plain error review, this Court stated that except in limited circumstances we will presume prejudice and direct a remand for re-sentencing where the district court imposed a sentence in the belief that the applicable Sentencing Guidelines were mandatory.  That was the situation here, and we perceive no circumstance in this case which warrants a different result from that found in *Davis*.

We will therefore vacate the judgment and remand for re-sentencing.